UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MAMADOU GACKO,

                Petitioner,

-against-

UNITED STATES of AMERICA,

                Respondent.

------------------------------------------------------------------X

09-cv-4938 (ARR)

NOT FOR PRINT
OR ELECTRONIC
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On December 18, 2006, petitioner Mamadou Gacko pled guilty to one count of conspiracy to commit mail fraud and health care fraud, in violation of 18 U.S.C §§ 1341, 1347, and 1349. On October 19, 2007, this court sentenced defendant to a term of imprisonment of fifteen months and three years of supervised release. No appeal was filed. Petitioner is now in the custody of Immigration and Customs Enforcement (ICE).

On November 12, 2009, petitioner filed with this court a Petition for Post Conviction Relief, requesting a new trial, or in the alternative, a modification of his sentence based on a claim of ineffective assistance of counsel for counsel's failure to inform petitioner of the immigration consequences of entering a guilty plea. In his petition, petitioner did not specify the statutory basis on which relief is sought.

The court may liberally construe defendant's petition as constituting a motion for habeas corpus relief under 28 U.S.C. § 2255. Due to the "stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus under ... § 2255," Adams v. United States, 155 F.3d 582, 583 (2d Cir. 1998) (per curiam), however, this court is first required to

1

provide defendant with "notice and an opportunity to decline the conversion or withdraw the motion." Simon v. United States, 359 F.3d 139, 139 (2d Cir. 2004); see Castro v. United States, 540 U.S. 375 (2003).

Consequently, in accordance with Castro and Adams, the court hereby advises defendant that it intends to re-characterize his petition of November 12, 2009 as constituting a motion pursuant to 28 U.S.C. § 2255. If defendant does not want his letter re-characterized in this manner, he must notify the court within thirty (30) days of the date of this order. On the other hand, if defendant wants to have the court re-characterize his letter as a § 2255 motion, he may, within thirty (30) days of the date of this order, amend or supplement that motion so that it contains all the § 2255 claims he believes he has. See Castro, 540 U.S. at 383.

The court hereby warns defendant that "this re-characterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions" set forth in § 2255. Castro, 540 U.S. at 383. This section provides that:

> A second or successive motion must be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The court further notifies defendant that motions pursuant to § 2255 are subject to a one-year period of limitation that runs from the latest of four specified events laid out in § 2255.[1]

## CONCLUSION

For the reasons set forth above, the court hereby notifies defendant that it will construe his petition of November 12, 2009 as constituting a motion pursuant to 28 U.S.C. § 2255 unless defendant notifies the court within thirty (30) days of the date of this order that he does not want his petition so construed. In addition, defendant is granted thirty (30) days from the date of this order to amend or supplement his motion. If defendant does not respond to this order within thirty days, the court will, without further notice, treat his petition as a § 2255 motion and adjudicate it accordingly.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: January 8, 2010
Brooklyn, New York

---

[1] These four events are:

>(1) the date on which the judgment of conviction becomes final;
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

SERVICE LIST:

<u>Defendant</u>
**Mamadou Gacko**
Detention # 133130
A# 079-714-401
ICE Detention Center
c/o York County Prison
3400 Concord Road
York, PA 17402