UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

MAMADOU GACKO,

                Petitioner,

   -against-

UNITED STATES OF AMERICA,

                Respondent.
---------------------------------------------------------------- X

09-CV-4938 (ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

Petitioner Mamadou Gacko, *pro se*, seeks to vacate his guilty plea, conviction and sentence pursuant to 28 U.S.C. § 2255 based on a claim of ineffective assistance of counsel for counsel's failure to advise him of the immigration consequences of his guilty plea. For the reasons set forth below, petitioner's motion is dismissed.

## BACKGROUND

On December 18, 2006, petitioner Mamadou Gacko pled guilty to one count of conspiracy to commit mail fraud and health care fraud, in violation of 18 U.S.C §§ 1341, 1347, and 1349. On October 19, 2007, this court sentenced defendant to a term of imprisonment of fifteen months and three years of supervised release, and ordered a restitution amount of $106,094.52. No appeal was filed. Petitioner is now in the custody of Immigration and Customs Enforcement (ICE).

On November 12, 2009, petitioner filed with this court a *pro se* Petition for Post Conviction Relief, requesting a new trial, or in the alternative, a modification of his sentence

1

based on a claim of ineffective assistance of counsel for counsel's failure to inform petitioner of the immigration consequences of entering a guilty plea. (Dkt. No. 1.) In his petition, petitioner did not specify the statutory basis on which relief was sought. Accordingly, on January 8, 2010, I issued an order notifying petitioner that I would construe his petition as a motion pursuant to 28 U.S.C. § 2255 unless he notified the court that he did not wish his petition so construed. (Dkt. No. 6 at 3.) Additionally, I granted petitioner thirty days to amend or supplement his motion. (Dkt. No. 6 at 3.) In that order, I notified petitioner that motions pursuant to § 2255 are subject to a one-year period of limitation that runs from the latest of four specified events laid out in the statute. (Dkt. No. 6 at 3.)

On February 8, 2010, petitioner filed an amended petition stating seeking to vacate his guilty plea, conviction and sentence pursuant to 28 U.S.C. § 2255 based on a claim of ineffective assistance of counsel for failure to advise petitioner on the immigration consequences of his guilty plea. In the alternative, he seeks to modify his sentence from fifteen months' imprisonment to one year less one day, or his amount of restitution from $106,094.52 to $10,000 less $1.00. (Amended Pet., Dkt. No. 7, at 3.) The government argues that the petition is untimely and, alternatively, without merit. (Dkt. No. 8.)

**DISCUSSION**

A. <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"), signed into law on April 24, 1996, created a one year statute of limitations for petitioners to file for writs of habeas corpus. The one year period runs from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction was filed on October 31, 2007. (Dkt. No. 8-5, Ex. E.) Petitioner did not file an appeal, and thus his conviction became final ten days later, on November 14, 2007, when his time to file a notice to appeal expired. Fed. R. App. P. 4(b)(1); see also Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("As [petitioner's] judgment of conviction was entered on Monday, April 29, 2002, his conviction became final for AEDPA purposes on Thursday, May 9, 2002, the date on which his time to file a direct appeal expired."). Thus, to be timely under § 2255(f)(1), petitioner had until November 14, 2008 to file his petition. Petitioner's original habeas petition is dated August 25, 2009, and was filed on November 12, 2009. Even taking the earlier of these dates, the petition was filed more than a year after petitioner's conviction became final, and is thus untimely under § 2255(f)(1).

In his original petition, petitioner claims that ICE did not issue an immigration detainer against him until he had completed his sentence, and that he did not understand his rights to post-conviction relief until recently. (Pet., Dkt. No. 1 at 3.) In his amended petition, petitioner cites § 2255(f)(4) and claims that there "is not way he could, as an exercise of due diligence, known by himself the consequences of the plea he took or the sentence imposed on him in so far as immigration removal is concerned." (Amended Pet., Dkt. No. 7 at 2.) However, despite whatever alleged failings of trial counsel existed prior to the entering of the plea, trial counsel

3

did submit a sentencing memorandum where he stated that "Mamadou almost certainly faces revocation of his Resident Alien status and deportation back to Africa." (Sentencing Letter, Dkt. No. 8-7, Ex. G.) At sentencing, where petitioner was present, there was a discussion about the relevance of petitioner's deportation on the sentence imposed, during which petitioner's counsel stated that "Mr. Gacko is going to be deported." (Sentencing Tr., Dkt. 8-3, Ex. C at 6.) Thus, to the extent petitioner relies on a lack of knowledge of the immigration consequences of the plea to overcome the statute of limitations, petitioner's argument fails. Furthermore, petitioner is required to be reasonably diligent in pursuing the factual basis of his claim, and the burden of showing due diligence under § 2255(f)(4) rests on him. See Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000) ("The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered" the factual basis for the petition); U.S. v. Nuckols, 2009 WL 4684022, at *3 (D. Vt. 2009) (stating that the burden of showing due diligence is on the petitioner) (citing Shabazz v. Filion, 2006 WL 2792741, at *5 (N.D.N.Y. 2006)). Petitioner has not made such a showing in the instant action.

While the parties have not addressed the issue, I also find that § 2255(f)(3) cannot be satisfied by the Supreme Court's recent decision in Padilla v. Kentucky, 130 S. Ct. 1473 (2010). There, the Court recognized that under the Sixth Amendment right to counsel, "counsel must inform her client whether his plea carries a risk of deportation." 130 S. Ct. at 1487. While this decision clarified the obligation of counsel under Strickland v. Washington, 466 U.S. 668 (1984), I cannot find that is a "newly recognized" right that was made retroactively applicable to cases on collateral review as required by the statute. 28 U.S.C. § 2255(f)(3); see Teague v. Lane, 489 U.S. 288 (1989).

Finally, petitioner has not identified any factors that warrant equitable tolling of the

4

statute of limitations. When a petitioner can show that "extraordinary circumstances" prevented him from filing his petition in a timely fashion, courts may equitably toll the one-year limitations period. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Equitable tolling, however, applies only in the "rare and exceptional circumstance. Id. The petitioner must show that he "acted with 'reasonable diligence' during the period he wished to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing" within the limitations period. Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (quoting Smith, 208 F.3d at 17). Petitioner makes no such showing here. Accordingly, the petition should be dismissed as untimely.[1]

## CONCLUSION

Since petitioner has failed to allege any basis for statutory or equitable tolling of the one-year period of limitations, petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby dismissed as time-barred. As this motion presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c).

---

[1] Even if petitioner's motion were timely, and assuming that he has sufficiently shown that trial counsel failed to advise him or misadvised him of the immigration consequences of his plea under Padilla v. Kentucky, 130 S. Ct. 1473 (2010), I cannot find that he would meet the second prong of Strickland. In Hill v. Lockhart, 474 U.S. 52, 59 (1985), the Court stated that "to satisfy the 'prejudice' requirement [of Strickland ], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Petitioner does not make such an assertion in the instant action. Additionally, petitioner is charged with removability under 8 U.S.C. § 1101(a)(43)(M)(i), which provides that the term aggravated felony includes an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000. Thus, petitioner could arguably meet the Hill prejudice standard if he argued that but for counsel's failures, he would have, at the minimum, contested the loss or restitution amount. However, petitioner has not made such an argument, nor can I find actual or objective evidence that would support an assertion that but for counsel's purported errors, petitioner would have challenged the loss amount. Here, petitioner simply asks the court to vacate the plea, or, in the alternative, to modify his loss amount. I find that such a claim is not sufficient under Hill.

5

SO ORDERED.

/Signed by Judge Ross/
Allyne R. Ross
United States District Judge

Dated: May 20, 2010
Brooklyn, New York

Service List:

Petitioner (Pro Se):

Mamadou Gacko
# 133130
ICE Detention Center
York County Prison
3400 Concord Road
York, PA 17402

Respondent:

Lan Nguyen
United States Attorney's Office (Criminal Division)
271 Cadman Plaza East, 4th Floor
Brooklyn, NY 11201